# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAYNE GARDNER, on behalf of himself and all others similarly situated,** *Plaintiff,* | : : : : | **CIVIL ACTION** |
| v. | : : | No. 19-2179 |
| **WELTMAN, WEINBERG & REIS CO., LPA,** *et al.,* *Defendants.* | : : : : | |

## **OPINION**

### I. **BACKGROUND**

Plaintiff, Dayne Gardner, defaulted on a loan from Synchrony Bank. *See* ECF No. 1 ¶¶ 15, 23. Synchrony eventually charged off the debt and it was no longer accruing interest. *Id.* ¶ 27. After the charge-off, Portfolio Recovery Associates, LLC purchased Plaintiff's debt and referred it to Defendant for collection purposes. *Id.* ¶¶ 22, 24.

Defendant, Weltman, Weinberg & Reis Co., LPA, then sent Plaintiff a collection letter that contained the balance due. *Id.* ¶¶ 32, 33. The top of the letter stated, "Balance Due as of 02/12/19: $3,250.13." *Id.* The letter's detachable payment slip stated, "Balance Due as of February 12, 2019: $3,250.13." *Id.*

Plaintiff filed a Complaint individually and on behalf of others similarly situated alleging that Defendant violated the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692(e), by misrepresenting "that the balance would

increase after the date of the letter." *Id.* ¶ 54. Plaintiff alleges that Defendant's letter "falsely stated or implied that the balance was subject to increase" because it contained the phrase "balance due as of" and listed the balance twice. ECF No. 1 ¶¶ 36, 55; ECF No. 16 at 1–2. In addition, Plaintiff alleges the letter violates the FDCPA because it can be reasonably read to have two meanings. *See* ECF No. 16 at 7.

Defendant moved for Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. ECF No. 13. Defendant argues that the letter's "as of" language and listing of the balance twice do not misrepresent Plaintiff's debt because neither implies that the debt would increase. *Id.* Further, Defendant argues that Plaintiff's interpretation that the debt would increase is "bizarre and idiosyncratic." *Id.* at 6. For the following reasons, the Court will grant Defendant's Motion.

## II. DISCUSSION

### A. Standard of Review

Judgment on the pleadings is appropriate when "the movant clearly establishes that no material issue of fact remains . . . and that he is entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290

2

(3d Cir. 1988). Further, the Court must view the facts and draw inferences "in the light most favorable to the nonmoving party." *Id.*

A motion for judgment on the pleadings uses the same legal standard as a motion to dismiss under Rule 12(b)(6). *See Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004). Accordingly, a complaint must include more than "labels and conclusions;" it must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

A claim is plausible when the pleading provides enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ethypharm S.A. France v. Abbott Labs.*, 707 F.3d 223, 231 n.14 (3d Cir. 2013).

### B. The FDCPA

The FDCPA seeks to "eliminate abusive debt collection practices." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000), *as amended* (Sept. 7, 2000). Specifically, § 1692(e) prohibits a debt collector from using "any false, deceptive, or misleading representation" to collect a debt. 15 U.S.C. § 1692e.

Claims under the FDCPA are evaluated using the "least sophisticated debtor" standard. *McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240, 246 (3d Cir. 2014). The least sophisticated debtor standard is lower than the

3

reasonable debtor standard in order to protect all consumers, even the "gullible as well as the shrewd." *Id.* (quoting *Rosenau*, 539 F.3d at 221).

Further, the least sophisticated debtor standard is objective.[1] *Jensen v. Pressler & Pressler*, 791 F.3d 413, 419 (3d Cir. 2015). Therefore, the plaintiff does not need to "prove that *she* was actually confused or misled, only that the objective least sophisticated debtor would be." *Id.* Although the FDCPA protects the least sophisticated debtor, liability cannot be imposed for "bizarre or idiosyncratic interpretations of collection notices." *Wilson*, 225 F.3d at 354–55. "The [least-sophisticated] debtor is still held to a quotient of reasonableness, a basic level of understanding, and a willingness to read with care, and the debt collector accordingly cannot be held liable for bizarre or idiosyncratic interpretations." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 149 (3d Cir. 2013).

In addition, cases have acknowledged lawyers' attempts to use the least sophisticated debtor standard to exploit the FDCPA through "creative" litigation. *Ocampo v. Client Servs., Inc.*, No. 18-4326, 2019 WL 2881422, at *3 (E.D.N.Y. July 3, 2019); *see Koehn v. Delta Outsource Grp., Inc.*, No. 18-1084, 2018 WL

---

[1] Defendant argues that Plaintiff "admits that the balance was charged off." ECF No. 13 at 6–7, 10. However, applying the objective standard, the Court need not consider whether Plaintiff was aware that his debt had been charged off and was not accruing interest at the time of Defendant's collection letter. *See Jensen*, 791 F.3d at 419.

4

6590617, at *3 (E.D. Wis. Dec. 14, 2018), *aff'd*, No. 19-1088, 2019 WL 4666297 (7th Cir. Sept. 25, 2019) ("[A]n unsophisticated consumer is not a gifted linguist who closely parses a debt collection letter like a Wall Street lawyer analyzes a municipal bond offering or like a patent lawyer construes a patent."); *Donaeva v. Client Servs., Inc.*, No. 18-6595, 2019 WL 3067108, at *4 (E.D.N.Y. July 12, 2019) (quoting *Ocampo v. Client Servs., Inc.*, No. 18-4326, 2019 WL 2881422, at *3 (E.D.N.Y. July 3, 2019) ("Like many FDCPA cases, 'this is a 'lawyer's case,' . . . it alleges a defect of which only a sophisticated lawyer, not the least sophisticated consumer, would conceive.")).

### C. Defendant's Collection Letter Does Not Violate the FDCPA

Plaintiff argues that Defendant's collection letter misrepresented the debt in violation of § 1692(e) of the FDCPA because the "as of" language and listing the balance twice falsely implied that the balance would increase. ECF No. 1 at ¶ 55; ECF No. 16 at 1–2. Plaintiff also contends that the letter violates the FDCPA because it can be reasonably read to have two different meanings. *See id.* at 7.

In response, Defendant argues that the letter does not misrepresent the debt because interest was not accruing—Plaintiff's debt was static—and the letter's language does not imply otherwise. ECF No. 13 at 6–12. Defendant argues that any other interpretation would be "bizarre and idiosyncratic." The Court agrees.

5

First, the collection letter's "as of" language does not violate the FDCPA. *See Koehn v. Delta Outsource Grp., Inc.*, ___ F.3d ___, No. 19-1088, 2019 WL 4666297, at *1 (7th Cir. Sept. 25, 2019). Recently, the Seventh Circuit affirmed a debt collector's motion to dismiss for failure to state a claim because the letter's "current balance" language did not violate the FDCPA. *Id.* at *1. In *Koehn*, the letter contained the "current balance" language even though the plaintiff's debt was static and could no longer accrue interest. *Id.* Similar to here, the plaintiff argued that the "current balance" language implied that the balance might increase and was therefore misleading because debtors would be incentivized to pay off the debt sooner. *Id.*

The court disagreed, holding that the "current balance" language did not violate the FDCPA because it would "take[] an ingenious misreading of th[e] letter to find it misleading." *Id.* at *2. Further, to hold that the "current balance" language violated the FDCPA would call into question common phrases such as "'the balance is $___' or even the use of 'is.'" *Id.* ("[T]hat same ingenuity would call into question the even simpler phrase that 'the balance is $___.' After all, the simple present-tense verb 'is' also implies 'current,' doesn't it?").

Other courts have held the same. *See Kidd v. Midland Credit Mgmt., Inc.*, No. 17-1208, 2019 WL 4736913, at *6 (E.D.N.Y. Sept. 27, 2019) (noting that it is not misleading for a debt collector to use "current balance" language when the

6

plaintiff's debts were not accruing interest or fees); *Fiorarancio v. Zwicker & Assocs., P.C.*, No. 18-12793, 2019 U.S. Dist. LEXIS 96099, at *4 (D.N.J. June 6, 2019) (noting that the least sophisticated debtor would not interpret the "[a]s of the date of this letter" language to mean that the debt would increase); *Feldheim v. Fin. Recovery Servs., Inc.*, 257 F. Supp. 3d 361, 371 (S.D.N.Y. 2017) (noting that the phrase "as of the date of this notice, you owe $4,414.61" did not violate the FDCPA because it did not imply the balance would increase over time).

Plaintiff relies heavily on *Chuway v. Nat'l Action Fin. Servs., Inc.* and *Islam v. Am. Recovery Serv. Inc.*, 362 F.3d 944, 947 (7th Cir. 2004). In *Chuway*, the letter contained the plaintiff's balance, along with the following statement: "Please remit the balance listed above in the return envelope provided. To obtain your most current balance information, please call 1-800-916-9006[]" even though the debt was static. 362 F.3d at 947.

However, as noted in *Koehn*, *Chuway* is factually distinguishable from the present case. *See Koehn v. Delta Outsource Grp., Inc.*, ___ F.3d ___, No. 19-1088, 2019 WL 4666297, at *2 (7th Cir. Sept. 25, 2019). In *Chuway*, "the [] instruction . . . to call to 'obtain your most current balance information' caused the problem" because it "implied . . . that the amount he owed might actually be different from the 'current balance' set forth in the dunning letter." *Id.* However, here, Defendant's letter did not contain further instructions to obtain a current balance—

7

it merely stated "balance due as of." Therefore, the Court is unpersuaded by *Chuway.*

Plaintiff also relies on *Islam v. Am. Recovery Serv. Inc.*, No. 17-4228, 2017 WL 4990570 (E.D.N.Y. Oct. 31, 2017). In *Islam,* the court held that the "as of" language "suggests that the debt is [] dynamic" because the least sophisticated consumer assumes interest will accrue on unpaid debts. *Id.* at *3–4. *Islam* held that the "as of" language violated the FDCPA because it misleads and deceives the consumer into paying now to avoid accruing interest. *Id.*

However, *Islam* was decided before the Second Circuit's more analogous decision in *Taylor v. Financial Recovery Services, Inc.*, which held that debt collectors were not required to explicitly state that a debt was static or not accruing interest. *Id.*; *Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 212 (2d Cir. 2018). Similar to here, the plaintiff's debt in that case was also static. *Taylor,* 886 F.3d at 213. The court affirmed summary judgment for the debt collector, holding that the letters did not violate the FDCPA despite stating the "balance due" and omitting any information regarding interest. *Id.*

In addition, the Eastern District of New York has since noted its disapproval of *Islam*: "Much as it laments the recent direction of FDCPA jurisprudence, the Court need not (and does not) ignore what it considers ill-conceived precedent to reach a just result in this case." *Kraus v. Prof'l Bureau of Collections of*

8

*Maryland, Inc.*, 281 F. Supp. 3d 312, 324 (E.D.N.Y. 2017) (granting defendant debt collector's motion to dismiss and stating, "[t]o hold [the defendant] liable in these circumstances would be to reward a creative yet ostensibly unharmed plaintiff at the expense of a non-abusive debt collector.").

Further, Plaintiff's reliance on a case involving dynamic debt is also misplaced. *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000). *Miller* is factually distinguishable because the debt there was subject to interest. *Id.* at 875. The letter stated, "'the unpaid principal balance' of the loan was $178,844.65" and added "this amount does not include accrued but unpaid interest . . . ." *Id.* The court held that this language violated the FDCPA because the debt was dynamic and interest was accruing: "The unpaid principal balance is not the debt; it is only a part of the debt." *Id.* at 875.

However, unlike in *Miller*, Plaintiff's debt in the instant case is not dynamic. The letter here did not contain the "unpaid principal balance" or "part of the debt"—it contained the entirety of the debt. Thus, Plaintiff was not *misled* into believing a payment would clear his account. On the contrary, paying the balance in Defendant's letter *would* clear Plaintiff's account. Thus, the court's concerns in *Miller* are not present in this case.

9

Plaintiff also urges that the letter violates the FDCPA because "it can be reasonably read to have two or more different meanings, one of which is inaccurate," causing the least sophisticated debtor to be "uncertain as to her rights." *See Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 152 (3d Cir. 2013) (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996)). However, collection letters are not required to "answer[] all possible questions about the future." *Koehn v. Delta Outsource Grp., Inc.*, __ F.3d __, No. 19-1088, 2019 WL 4666297, at *2 (7th Cir. Sept. 25, 2019). A collection letter does not violate the FDCPA simply because a lawyer is able to point out a question the "letter does not expressly answer." *Id.* ("A lawyer's ability to identify a question that a dunning letter does not expressly answer ('Is it possible the balance might increase?') does not show the letter is misleading, even if a speculative guess to answer the question might be wrong.").

To this point, the Court is unpersuaded by Plaintiff's reliance on *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 145 (3d Cir. 2013). There, the letter appeared to provide two ways to dispute the debt: "If we can answer any questions, or if you feel you do not owe this amount, **please call** us toll free at **800-984-9115** or write us at the above address." *Id.* at 145 (emphasis in original). The Third Circuit held that this language was deceptive because the least

10

sophisticated debtor could reasonably believe that the debt could be disputed either by phone or by letter, even though all debts had to be disputed in writing. *Id.*

Here, the collection letter cannot be reasonably read to have two meanings. It bears repeating that "[t]he [least-sophisticated] debtor is still held to a quotient of reasonableness, a basic level of understanding, and a willingness to read with care, and the debt collector accordingly cannot be held liable for bizarre or idiosyncratic interpretations." *Id.* at 149. Further, "an unsophisticated consumer is not a gifted linguist who closely parses a debt collection letter like a Wall Street lawyer analyzes a municipal bond offering or like a patent lawyer construes a patent." *Koehn v. Delta Outsource Grp., Inc.*, No. 18-1084, 2018 WL 6590617, at *3 (E.D. Wis. Dec. 14, 2018), *aff'd*, No. 19-1088, 2019 WL 4666297 (7th Cir. Sept. 25, 2019).

Last, Plaintiff contends that the letter violated the FDCPA because it included the balance of the debt twice, but tellingly Plaintiff offered no supporting case law in briefing or at oral argument for this proposition. The fact that the balance was listed twice does not make the letter misleading and thus, this allegation will be dismissed as well.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings (ECF No. 13) will be granted. An appropriate Order follows.

Dated: 10-24-2019

BY THE COURT:

_____
CHAD F. KENNEY, JUDGE